UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

IN THE UNITED STATES DISTRICT COURT

APR 14 2006

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

MICHAEL N. MILBY, CLERK OF COURT

| | |
|---|---|
| GARY A. HAMANN, Plaintiff | } } } |
| VS. | } CIVIL CASE NO. **H-06-1336** |
| U.S. BANK NATIONAL ASSOCIATION ND, Defendant | } } } |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, GARY A. HAMANN (hereinafter the "Plaintiff" or "consumer"), files this suit against Defendant, U.S. BANK NATIONAL ASSOCIATION ND (hereinafter the "Defendant" or "creditor"), and shows the Court the following:

1. This action arises under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, et seq.

2. The Plaintiff entered into an open-ended credit transaction, namely the opening of charge account number 4190 0043 5142 8986, with the Defendant for personal, family and/or household purposes.

3. On or about the date listed below, the consumer mailed to the creditor a notice of billing error, pursuant to and in compliance with 12 C.F.R. ß 226.13(b) and 15 U.S.C. ß 1666(a). The billing error notice gave notice of billing errors, as defined by 12 C.F.R. ß 226.13(a) and 15 U.S.C. ß 1666(b), unique and different from any other billing error notice sent by the consumer to the creditor. Said notice of billing error asserted valid billing errors of specific amounts, within sixty days of the amounts first being transmitted on a statement, and otherwise met all requirements of 12 C.F.R. ß 226.13 and 15 U.S.C. ß 1666. The creditor received the consumer's notice of billing error within sixty days of each statement, which notice letter disputed as set out below.

   a. Notice of billing error dated December 8, 2004, disputing statement dated November 15, 2004, received December 29, 2004.

4. On or about the dates listed below, the consumer notified the creditor that the amount disputed in the billing error notice was still in dispute.

    a.    Letter dated April 23, 2005, received May 2, 2005.

    b.    Letter dated May 19, 2005, received May 23, 2005.

    c.    Letter dated June 23, 2005, received June 27, 2005.

    d.    Letter dated August 20, 2005, received August 25, 2005.

5.    Since that time, Defendant has failed to fulfill its obligations to Plaintiff under 12 C.F.R. § 226.13 and 15 U.S.C. § 1666, et seq.

6.    Plaintiff alleges that the Defendant has committed at least 92 violations of TILA and the Fair Credit Billing Act, as follows:

### NOTICES OF BILLING ERROR: FCBA VIOLATIONS

(1) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(c)(1) and 15 U.S.C. § 1666(a)(3)(A) by failing to send "written acknowledgment" of consumer's billing error notice within 30 days after receipt of said notice dated on or about:

    a.    December 8, 2004

(2) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. § 226.13(f) and 15 U.S.C. § 1666(a)(3)(B)(ii) by failing to conduct a "reasonable investigation" of the billing error within two complete billing cycles after receipt of the billing error notice as set out above.

(3) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. § 226.13(f) and 15 U.S.C. § 1666(a)(3)(B)(ii) by failing to send a "written explanation or clarification" of the reasons why the account of the consumer was correctly shown on the disputed statement within two complete billing cycles after receipt of the billing error notice as set out above.

(4) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. § 226.13(f) and 15 U.S.C. § 1666(a)(3)(B)(ii) by failing to provide, upon the consumer's request, copies of "documentary evidence" of the consumer's indebtedness, to the consumer, within two complete billing cycles after receipt of the billing error notice as set out above.

### UNLAWFUL COLLECTION ACTION: STATEMENTS

(5) The creditor, in violation of 12 C.F.R § 226.13(d)(1), attempted to collect a portion of the required payment that was related to an amount in dispute and which had not been resolved pursuant 12 C.F.R § 226.13(e) or (f) by sending periodic statements on or about the dates listed below to the consumer without indicating that payment of such disputed amounts and related

charges was not required, pending the creditor's compliance with 12 C.F.R. § 226.13:

 a. December 15, 2004
 b. January 14, 2005

(6) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. § 226.13(f) and 15 U.S.C. § 1666(a)(3)(B)(ii) by failing to conduct a "reasonable investigation" of the billing error before taking the collection action of sending the consumer statements as set out above.

(7) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. § 226.13(f) and 15 U.S.C. § 1666(a)(3)(B)(ii) by failing to send a "written explanation or clarification" of the reasons why the account of the consumer was correctly shown on the disputed statement before taking the collection action of sending the consumer statements as set out above.

(8) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. § 226.13(f) and 15 U.S.C. § 1666(a)(3)(B)(ii) by failing to provide, upon the consumer's request, copies of "documentary evidence" of the consumer's indebtedness, to the consumer, before taking the collection action of sending the consumer statements as set out above.

(9) The creditor, either itself or through a debt collector, in violation of 12 C.F.R § 226.13(d)(2) and 15 U.S.C. § 1666a(a), directly or indirectly threatened to report adversely on the consumer's credit rating or credit standing because of the consumer's failure to pay an amount disputed by the consumer as a billing error in statements as set out above.

UNLAWFUL COLLECTION ACTION: LETTERS

(10) The creditor, in violation of 12 C.F.R § 226.13(d)(1), attempted to collect a portion of the required payment that was related to an amount in dispute and which had not been resolved pursuant 12 C.F.R § 226.13(e) or (f) by sending letters or email messages on or about the dates listed below:

 a. January 15, 2005
 b. February 12, 2005
 c. Undated
 d. March 8, 2005
 e. April 13, 2005
 f. May 11, 2005
 g. June 11, 2005
 h. August 10, 2005
 i. October 10, 2005
 j. October 18, 2005

(11) The creditor failed to comply with the requirements of 12 C.F.R. ß 226.13(e) and 15 U.S.C. ß 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. ß 226.13(f) and 15 U.S.C. ß 1666(a)(3)(B)(ii) by failing to conduct a "reasonable investigation" of the billing error before taking the collection action of sending the consumer letters or email messages as set out above.

(12) The creditor failed to comply with the requirements of 12 C.F.R. ß 226.13(e) and 15 U.S.C. ß 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. ß 226.13(f) and 15 U.S.C. ß 1666(a)(3)(B)(ii) by failing to send a "written explanation or clarification" of the reasons why the account of the consumer was correctly shown on the disputed statement before taking the collection action of sending the consumer letters or email messages as set out above.

(13) The creditor failed to comply with the requirements of 12 C.F.R. ß 226.13(e) and 15 U.S.C. ß 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. ß 226.13(f) and 15 U.S.C. ß 1666(a)(3)(B)(ii) by failing to provide, upon the consumer's request, copies of "documentary evidence" of the consumer's indebtedness, to the consumer, before taking the collection action of sending the consumer letters or email messages as set out above.

(14) The creditor, either itself or through a debt collector, in violation of 12 C.F.R ß 226.13(d)(2) and 15 U.S.C. ß 1666a(a), directly or indirectly threatened to report adversely on the consumer's credit rating or credit standing because of the consumer's failure to pay an amount disputed by the consumer as a billing error in letters or email messages as set out above.

### FCBA VIOLATION: RESTRICTING ACCOUNT

(15) The creditor, in violation of 12 C.F.R ß 226.13, footnote 27, and 15 U.S.C. ß 1666(d), restricted the consumer's account solely because of consumer's failure to pay a disputed amount by charging a finance charge, thereby restricting the consumer's available credit by the amount of said charge, prior to satisfying the requirements of 12 C.F.R ß 226.13(d) and (e) or (f), and 15 U.S.C. ß 1666(a)(3)(B), on the statements as set out in paragraph 5 above.

### FCBA VIOLATION: CLOSING ACCOUNT

(21) The creditor, in violation of 12 C.F.R ß 226.13, footnote 27, and 15 U.S.C. ß 1666(d), closed the consumer's account in or about March, 2005, prior to satisfying the requirements of 12 C.F.R ß 226.13(d) and (e) or (f), and 15 U.S.C. ß 1666(a)(3)(B), solely because of consumer's failure to pay a disputed amount.

### FCBA VIOLATION: UNLAWFUL REPORTING TO EXPERIAN

(22) The creditor, in violation of 12 C.F.R. ß 226.13(d)(2) and 15 U.S.C. ß 1666a(a), reported to Experian that the consumer was delinquent for failure to pay the amount reported to the creditor in

dispute as a billing error under 12 C.F.R. ß 226.13 and 15 U.S.C. ß 1666, without first having met the requirements of said statute, in the following months:

- a. January, 2005
- b. February, 2005
- c. March, 2005
- d. April, 2005
- e. May, 2005
- f. June, 2005
- g. July, 2005
- h. August, 2005
- i. September, 2005
- j. October, 2005
- k. November, 2005
- l. December, 2005
- m. January, 2006
- n. February, 2006

### FCBA VIOLATION: UNLAWFUL REPORTING TO EXPERIAN AFTER RECEIPT OF FURTHER WRITTEN NOTICE

(23) The creditor reported to Experian that the consumer was delinquent for failure to pay an amount for which a billing error notice had been submitted and which the consumer had submitted further written notice, within the time allowed for payment under 12 C.F.R. ß 226.13(g)(4) and 15 U.S.C. ß1666a(a), that the amount was still in dispute, but the creditor, in violation of 12 C.F.R. ß 226.13(g)(4)(i) and 15 U.S.C. ß1666a(b), failed to report that said amount was in dispute in the following months:

- a. May, 2005
- b. June, 2005
- c. July, 2005
- d. August, 2005
- e. September, 2005
- f. October, 2005
- g. November, 2005
- h. December, 2005
- i. January, 2006
- j. February, 2006

(27) The creditor reported to Experian that the consumer was delinquent for failure to pay an amount for which a billing error notice had been submitted and which the consumer had submitted further written notice, within the time allowed for payment under 12 C.F.R. ß 226.13(g)(4) and 15 U.S.C. ß1666a(a), that the amount was still in dispute, but the creditor, in violation of 12 C.F.R. ß 226.13(g)(4)(ii) and 15 U.S.C. ß1666a(b), failed to notify the consumer of the name and address of each third party that it had made a delinquency report to in the following months:

- a. May, 2005
- b. June, 2005
- c. July, 2005
- d. August, 2005
- e. September, 2005

   f. October, 2005
   g. November, 2005
   h. December, 2005
   i. January, 2006
   j. February, 2006

7. TILA provides for damages of twice the finance charges, but no more than $1,000.00 per violation. In this case, twice the finance charges for the preceding 12 months exceeds $1,000.00. Therefore, this Court should award $1,000.00 damages for each of the 92 violations.

THEREFORE, pursuant to 15 U.S.C. §§ 1640(a), 1666 and 1666a, the Plaintiff requests an award in favor of the Plaintiff and against the Defendant as follows:

1. For a statutory damage award in the amount of $92,000.00.

2. The costs of the action, together with a reasonable attorneys fee as determined by the court pursuant to the applicable rules.

3. An order requiring the Defendant to make such reports to such credit reporting businesses as the law requires to correct negative entries made in violation of the FCBA.

4. For the Plaintiff's account to be reopened.

5. For minimum payments to resume as they would have from the date of the receipt of the first Notice of Billing Error.

6. For any fees or charges the Defendant charged to the Plaintiff's account in violation of the FCBA to be credited to the account.

7. For such other and further relief as the court may deem just and proper.

NEAL CANNON & ASSOCIATES, P.C.

*/s/ Neal Cannon*

By _____
 Neal D. Cannon, Jr.
State Bar No. 03754000
Attorney for Plaintiff
6363 Woodway Drive, Suite 910
Houston TX 77057
Telephone: 713-260-3900
Fax: 713-260-3902
Email: neal@ncannonlaw.com

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**H-06-1336**

## I. (a) PLAINTIFFS
GARY A. HAMANN

## DEFENDANTS
U.S. BANK NATIONAL ASSOCIATION ND

(b) County of Residence of First Listed Plaintiff: Travis County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Milwaukee County, WI
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Neal D. Cannon, Jr., of Neal Cannon & Associates, P.C., 6363 Woodway Drive, #910, Houston, TX 77057   713/260-3900

Attorneys (If Known)

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
APR 14 2006
MICHAEL N. MILBY, CLERK OF COURT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1601 and 15 USC 1666
Brief description of cause:
Violations of TILA and FCBA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE: 4/11/06
SIGNATURE OF ATTORNEY OF RECORD: /s/ Neal D. Cannon Jr.

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
APR 14 2006
MICHAEL N. MILBY, CLERK OF COURT

4587

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY A. HAMANN,<br>    Plaintiff | }<br>}<br>} |
| VS. | } CIVIL CASE NO. H-06-1336<br>} |
| U.S. BANK NATIONAL ASSOCIATION ND,<br>    Defendant | }<br>} |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, GARY A. HAMANN (hereinafter the "Plaintiff" or "consumer"), files this suit against Defendant, U.S. BANK NATIONAL ASSOCIATION ND (hereinafter the "Defendant" or "creditor"), and shows the Court the following:

1.  This action arises under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, et seq.

### JURISDICTION AND VENUE

2.  Jurisdiction and venue of this court arise pursuant to 15 U.S.C. §1640(e). On information and belief, US BANK NATIONAL ASSOCIATION ND does business throughout the State of Texas and in this federal judicial district. On information and belief, both personal and general jurisdiction of Defendant is established. Therefore, pursuant to 28 U.S.C. § 1391, venue is proper in this federal judicial district.

### FACTS

3.  The Plaintiff entered into an open-ended credit transaction, namely the opening of charge account number 4190 0043 5142 8986 with the Defendant for personal, family and/or household purposes.

4.  By letter dated December 8, 2004, the Plaintiff sent to the Defendant a notice of billing error, pursuant to and in compliance with 12 C.F.R. § 226.13(b) and 15 U.S.C. § 1666(a). The billing error notice gave notice of billing errors, as defined by 12 C.F.R. § 226.13(a) and 15 U.S.C. § 1666(b), and was received on or about December 29, 2004. Said notice of billing error asserted valid billing errors of specific amounts,

1

within sixty days of the amounts first being transmitted on a statement, and otherwise met all requirements of 12 C.F.R. § 226.13 and 15 U.S.C. § 1666. The Defendant received the Plaintiff's notice of billing error within sixty days of the statement which the notice letter disputed.

5.  The Notice also set forth that the Plaintiff believed that the statement contained billing Errors[1], the amounts of such billing errors[2] and the reasons for said belief to the extent possible.[3]

6.  Plaintiff's notice letter (Exhibit 1) constituted a "billing error" for two reasons:

First, the charge consisted of "a reflection on a statement of an extension of credit for which the obligor requests additional clarification including documentary evidence thereof."[4] 15 U.S.C. § 1666(b)(2). The finance charge is an extension, or at least a reflection of an extension, of credit. Plaintiff asserted that the finance charge was in error.

Second, Plaintiff also asserted in the letter that the minimum payment and total amount due were in error, as they were inaccurate due to their computation including the disputed finance charge. The error consisted of "a computation error or similar error of an accounting nature of the creditor on a statement." 15 U.S.C. § 1666(b)(5). Plaintiff asserted the computation of these charges was in error because the calculations of the Defendant included finance charges, which Plaintiff believed were in error. (Exhibit 1)

---

[1] "I hereby provide you notice that I believe said statement contains errors in the total amount you allege to be due, and other more specific items, as laid out more completely below." Exhibit 1, Paragraph 1; see also itemized list of amounts in dispute and the sentence directly preceding the listed amounts.

[2] "the alleged finance charges and fees of $158.44." Exhibit 1, Paragraph 2, subsection 2; see also the remainder of the itemized list of amounts in dispute and the sentence directly preceding the listed amounts.

[3] "My belief that the statement contains billing errors under 15 U.S.C. 1666(b)(1), (2) and (5) is based upon my belief that you failed to give all the proper disclosures required by law to me prior to opening this account, and additional disclosures since then. Because you failed to provide these disclosures, the account could not legally be opened and I should not be responsible for the payment of interest, fees or other finance charges". Exhibit 1, Paragraph 1.

[4] "...I request additional clarification regarding all such extensions of consumer credit, including all documentary evidence thereof you possess or are able to obtain, specifically including, but not limited to the following:..." Exhibit 1, Paragraph 3.

7. Since that time, Defendant has failed to fulfill its obligations to Plaintiff under 12 C.F.R. § 226.13 and 15 U.S.C. § 1666, et seq., by failing to acknowledge Plaintiff's letter and as further set out below.

8. On or about the dates listed below, the consumer notified the creditor that the amount disputed in the billing error notice was still in dispute.

    a.    Letter dated April 23, 2005, received May 2, 2005.

    b.    Letter dated May 19, 2005, received May 23, 2005.

    c.    Letter dated June 23, 2005, received June 27, 2005.

    d.    Letter dated August 20, 2005, received August 23, 2005.

    e.    Letter dated October 21, 2005, received October 25, 2005.

## CAUSES OF ACTION

9. Plaintiff alleges that the Defendant has committed at least 215 violations of TILA and the Fair Credit Billing Act, as follows:

### NOTICES OF BILLING ERROR: FCBA VIOLATIONS

(1) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(c)(1) and 15 U.S.C. § 1666(a)(3)(A) by failing to send "written acknowledgment" of consumer's billing error notice within 30 days after receipt of said notice dated on or about December 8, 2004.

(2) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. § 226.13(f) and 15 U.S.C. § 1666(a)(3)(B)(ii) by failing to conduct a "reasonable investigation" of the billing error within two complete billing cycles after receipt of the billing error notice as set out above.

(3) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. § 226.13(f) and 15 U.S.C. § 1666(a)(3)(B)(ii) by failing to send a "written explanation or clarification" of the reasons why the account of the consumer was correctly shown on the disputed statement within two complete billing cycles after receipt of the billing error notice as set out above.

(4) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. § 226.13(f) and 15 U.S.C. § 1666(a)(3)(B)(ii) by failing to provide, upon the consumer's request, copies of "documentary evidence" of the consumer's indebtedness, to the consumer, within two complete billing cycles after receipt of the billing error notice as set out above.

UNLAWFUL COLLECTION ACTION: STATEMENTS

(5) The creditor, in violation of 12 C.F.R § 226.13(d)(1), attempted to collect a portion of the required payment that was related to an amount in dispute and which had not been resolved pursuant 12 C.F.R § 226.13(e) or (f) by sending periodic statements on or about the dates listed below to the consumer without indicating that payment of such disputed amounts and related charges was not required, pending the creditor's compliance with 12 C.F.R. § 226.13:

    a.    January 14, 2005

(6) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. § 226.13(f) and 15 U.S.C. § 1666(a)(3)(B)(ii) by failing to conduct a "reasonable investigation" of the billing error before taking the collection action of sending the consumer statements as set out above.

(7) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. § 226.13(f) and 15 U.S.C. § 1666(a)(3)(B)(ii) by failing to send a "written explanation or clarification" of the reasons why the account of the consumer was correctly shown on the disputed statement before taking the collection action of sending the consumer statements as set out above.

(8) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. § 226.13(f) and 15 U.S.C. § 1666(a)(3)(B)(ii) by failing to provide, upon consumer's request, copies of "documentary evidence" of the consumer's indebtedness, to the consumer, before taking the collection action of sending the consumer statements as set out above.

UNLAWFUL COLLECTION ACTION: LETTERS

(9) The creditor, in violation of 12 C.F.R § 226.13(d)(1), attempted to collect a portion of the required payment that was related to an amount in dispute and which had not been resolved pursuant 12 C.F.R § 226.13(e) or (f) by sending letters or email messages on or about the dates listed below:

    a.    January 15, 2005
    b.    February 12, 2005
    c.    Undated
    d.    March 8, 2005
    e.    April 13, 2005
    f.    May 11, 2005
    g.    June 11, 2005
    h.    August 10, 2005
    i.    October 10, 2005
    j.    October 18, 2005

(10) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. § 226.13(f) and 15 U.S.C. § 1666(a)(3)(B)(ii) by failing to conduct a "reasonable investigation" of the billing error before taking the collection action of sending the consumer letters or email messages as set out above.

(11) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. § 226.13(f) and 15 U.S.C. § 1666(a)(3)(B)(ii) by failing to send a "written explanation or clarification" of the reasons why the account of the consumer was correctly shown on the disputed statement before taking the collection action of sending the consumer letters or email messages as set out above.

(12) The creditor failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the consumer's account, and failed to comply with the requirements of 12 C.F.R. § 226.13(f) and 15 U.S.C. § 1666(a)(3)(B)(ii) by failing to provide, upon the consumer's request, copies of "documentary evidence" of the consumer's indebtedness, to the consumer, before taking the collection action of sending the consumer letters or email messages as set out above.

(13) The creditor, either itself or through a debt collector, in violation of 12 C.F.R § 226.13(d)(2) and 15 U.S.C. § 1666a(a), directly or indirectly threatened to report adversely on the consumer's credit rating or credit standing because of the consumer's failure to pay an amount disputed by the consumer as a billing error in a letter April 13, 2005.

### FCBA VIOLATION: RESTRICTING ACCOUNT

(14) The creditor, in violation of 12 C.F.R § 226.13, footnote 27, and 15 U.S.C. § 1666(d), restricted the consumer's account solely because of consumer's failure to pay a disputed amount by charging a finance charge, thereby restricting the consumer's available credit by the amount of said charge, prior to satisfying the requirements of 12 C.F.R § 226.13(d) and (e) or (f), and 15 U.S.C. § 1666(a)(3)(B), on the statements as set out in paragraph 5 above.

### FCBA VIOLATION: CLOSING ACCOUNT

(15) The creditor, in violation of 12 C.F.R § 226.13, footnote 27, and 15 U.S.C. § 1666(d), closed the consumer's account in or about March, 2005, prior to satisfying the requirements of 12 C.F.R § 226.13(d) and (e) or (f), and 15 U.S.C. § 1666(a)(3)(B), solely because of consumer's failure to pay a disputed amount.

### FCBA VIOLATION: UNLAWFUL REPORTING TO EXPERIAN

(16) The creditor, in violation of 12 C.F.R. § 226.13(d)(2) and 15 U.S.C. § 1666a(a), reported to Experian that the consumer was delinquent for failure to pay the amount reported to the creditor in dispute as a billing error under 12 C.F.R. § 226.13 and

5

15 U.S.C. § 1666, without first having met the requirements of said statute, in the following months:

    a.    January, 2005 through January, 2007

### FCBA VIOLATION: UNLAWFUL REPORTING TO EXPERIAN AFTER RECEIPT OF FURTHER WRITTEN NOTICE

(17) The creditor reported to Experian that the consumer was delinquent for failure to pay an amount for which a billing error notice had been submitted and which the consumer had submitted further written notice, within the time allowed for payment under 12 C.F.R. § 226.13(g)(4) and 15 U.S.C. §1666a(a), that the amount was still in dispute, but the creditor, in violation of 12 C.F.R. § 226.13(g)(4)(i) and 15 U.S.C. §1666a(b), failed to report that said amount was in dispute in the following months:

    a.    May, 2005 through January, 2007

(18) The creditor reported to Experian that the consumer was delinquent for failure to pay an amount for which a billing error notice had been submitted and which the consumer had submitted further written notice, within the time allowed for payment under 12 C.F.R. § 226.13(g)(4) and 15 U.S.C. §1666a(a), that the amount was still in dispute, but the creditor, in violation of 12 C.F.R. § 226.13(g)(4)(ii) and 15 U.S.C. §1666a(b), failed to notify the consumer of the name and address of each third party that it had made a delinquency report to in the following months:

    a.    May, 2005 through January, 2007

### FCBA VIOLATION: UNLAWFUL REPORTING TO EQUIFAX

(19) The creditor, in violation of 12 C.F.R. § 226.13(d)(2) and 15 U.S.C. § 1666a(a), reported to Equifax that the consumer was delinquent for failure to pay the amount reported to the creditor in dispute as a billing error under 12 C.F.R. § 226.13 and 15 U.S.C. § 1666, without first having met the requirements of said statute, in the following months:

    a.    January, 2005 through January, 2007

### FCBA VIOLATION: UNLAWFUL REPORTING TO EQUIFAX AFTER RECEIPT OF FURTHER WRITTEN NOTICE

(20) The creditor reported to Equifax that the consumer was delinquent for failure to pay an amount for which a billing error notice had been submitted and which the consumer had submitted further written notice, within the time allowed for payment under 12 C.F.R. § 226.13(g)(4) and 15 U.S.C. §1666a(a), that the amount was still in dispute, but the creditor, in violation of 12 C.F.R. § 226.13(g)(4)(i) and 15 U.S.C. §1666a(b), failed to report that said amount was in dispute in the following months:

    a.    May, 2005 through January, 2007

(21) The creditor reported to Equifax that the consumer was delinquent for failure to pay an amount for which a billing error notice had been submitted and which the consumer had submitted further written notice, within the time allowed for payment under 12 C.F.R. § 226.13(g)(4) and 15 U.S.C. §1666a(a), that the amount was still in dispute, but the

creditor, in violation of 12 C.F.R. § 226.13(g)(4)(ii) and 15 U.S.C. §1666a(b), failed to notify the consumer of the name and address of each third party that it had made a delinquency report to in the following months:

    a. May, 2005 through January, 2007

### FCBA VIOLATION: UNLAWFUL REPORTING TO CLIENT SERVICES, INC.

(22) The creditor, in violation of 12 C.F.R. § 226.13(d)(2) and 15 U.S.C. § 1666a(a), reported to Client Services, Inc. that the consumer was delinquent for failure to pay the amount reported to the creditor in dispute as a billing error under 12 C.F.R. § 226.13 and 15 U.S.C. § 1666, without first having met the requirements of said statute, in the following months:

    a. October, 2005 through July, 2006

### FCBA VIOLATION: UNLAWFUL REPORTING TO CLIENT SERVICES, INC. AFTER RECEIPT OF FURTHER WRITTEN NOTICE

(23) The creditor reported to Client Services, Inc. that the consumer was delinquent for failure to pay an amount for which a billing error notice had been submitted and which the consumer had submitted further written notice, within the time allowed for payment under 12 C.F.R. § 226.13(g)(4) and 15 U.S.C. §1666a(a), that the amount was still in dispute, but the creditor, in violation of 12 C.F.R. § 226.13(g)(4)(i) and 15 U.S.C. §1666a(b), failed to report that said amount was in dispute in the following months:

    a. October, 2005 through July, 2006

(24) The creditor reported to Client Services, Inc. that the consumer was delinquent for failure to pay an amount for which a billing error notice had been submitted and which the consumer had submitted further written notice, within the time allowed for payment under 12 C.F.R. § 226.13(g)(4) and 15 U.S.C. §1666a(a), that the amount was still in dispute, but the creditor, in violation of 12 C.F.R. § 226.13(g)(4)(ii) and 15 U.S.C. §1666a(b), failed to notify the consumer of the name and address of each third party that it had made a delinquency report to in the following months:

    a. October, 2005 through July, 2006

### REQUESTED RELIEF

10. TILA provides for damages of twice the finance charges associated with the transaction, but no more than $1,000.00 per violation. Twice the finance charges for the twelve months before this complaint was filed exceeds $1,000.00. Therefore, this Court should award $1,000.00 for each of the 215 violations.

THEREFORE, pursuant to 15 U.S.C. §§ 1640(a), 1666 and 1666a, the Plaintiff requests an award in favor of the Plaintiff and against the Defendant as follows:

1. For a statutory damage award in the amount of $215,000.00.

2. The costs of the action, together with a reasonable attorneys fee as determined by the court pursuant to the applicable rules.

3. An order requiring the Defendant to make such reports to such credit reporting businesses as the law requires to correct negative entries made in violation of the FCBA.

4. For the Plaintiff's account to be reopened.

5. For minimum payments to resume as they would have from the date of the receipt of the first Notice of Billing Error.

6. For any fees or charges the Defendant charged to the Plaintiff's account in violation of the FCBA to be credited to the account.

7. For such other and further relief as the court may deem just and proper.

NEAL CANNON & ASSOCIATES, P.C.

*/s/ Neal Cannon*

By _____
   Neal D. Cannon, Jr.
State Bar No. 03754000
Attorney for Plaintiff
6363 Woodway Drive, Suite 910
Houston TX 77057
Telephone: 713-260-3900
Fax: 713-260-3902
Email: neal@ncannonlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2006, a true and accurate copy of Plaintiff's First Amended Complaint was served on counsel for the Defendant, Jennifer L. Keefe, of Patton Boggs LLP, 2001 Ross Avenue, Suite 3000, Dallas, Texas 75201, via fax to 214/758-1550.

*/s/ Neal Cannon*

_____
Neal D. Cannon, Jr.

Dispute or Legal Department

US Bank National Association,
PO Box 6335
Fargo, ND 58125

Re: Account 4190004351428986

12/8/2004

Certified Mail Number: 7005 1160 0006 8427 5708

Dear US Bank National Association, Dispute Department:

## FIRST NOTICE OF BILLING ERRORS

Pursuant to 15 U.S.C. 1666, I am writing you at the address on my billing statements to be used for billing inquiries within sixty days of receiving a statement of my account dated 11/15/2004 in connection with extensions of consumer credit. I hereby provide you notice that I believe said statement contains errors in the total amount you allege to be due, and other more specific items, as laid out more completely below. My belief that the statement contains billing errors under 15 U.S.C. 1666(b)(1), (2) and (5) is based upon my belief that you failed to give all the proper disclosures required by law to me prior to opening this account, and additional disclosures since then. Because you failed to provide these disclosures, the account could not legally be opened and I should not be responsible for the payment of interest, fees or other finance charges. While I understand I will likely still be responsible for the repayment of purchases and cash advances, I do not believe I should be responsible for interest, finance charges and other fees. As I have made payments on this account that have been applied to these improper charges the items I claim are billing errors are improperly reflected on the statements in the incorrect amount and/or inaccurate due to a computational or accounting error.

## DISPUTE OF OBLIGATION AND
## BILLING ERROR PURSUANT TO 15 U.S.C. 1666(b)(1) and (5)

Because I believe I should not have been charged finance charges or fees for the history of this account, I dispute the accuracy of the following items on my statements which have been calculated based on the inclusion of those charges: the current balance, the amounts and payments due and all finance charges and other fees charged since this account was opened. The exact amount of all such previous finance charges and fees hereby disputed will be determined after you provide the documentary evidence requested below. More specifically, I dispute the accuracy of the following amounts listed on the statement dated 11/15/2004:

1. the alleged current balance of $4,513.80,

2. the alleged finance charges and fees of $158.44 and

EXHIBIT 1

3. the minimum payment allegedly due of $135.41.

## BILLING ERROR PURSUANT TO 15 U.S.C. 1666(b)(2)

Because your claim as to my indebtedness rests on the existence of the alleged account and cardholder agreement, if the account was not able to be opened properly because of your failure to give the disclosures, then the amount of the indebtedness is called into question. Therefore, I request the documentary evidence of indebtedness detailed below. The statement contains billing errors under 15 U.S.C. 1666(b)(2) in that the statements reflect inaccuracies through their individual items, the entire balance due, finance charges and all extensions of consumer credit for which you claim I am indebted to you, and I request additional clarification regarding all such extensions of consumer credit, including all documentary evidence thereof you possess or are able to obtain, specifically including, but not limited to the following:

1. Copies of all records of my written and signed authorizations for any purchases from all vendors for which an extension of consumer credit is claimed to have been made.

2. For any claimed extension of consumer credit where there is not a written authorization signed by me, a copy of all records of evidence of any other authorization by me, such as use of my PIN, or other identifying information.

3. If you claim any extension of consumer credit where you have no proof of authorization by me, a statement by you of the factual and legal basis of your claim that I am indebted to you for such an extension of consumer credit, or payment to any third party.

4. Copies of documents showing that all disclosures required by law that were given to me prior to opening this account, at any renewing of the account, and otherwise; including documentary evidence that any such disclosure was made to me, by whom, when, how and where.

5. The original cardholder agreement to which you allege I first agreed to, as well as any amendments you allegedly made thereto.

6. An accounting of all interest, fees, or other charges assessed to my account since it was opened.

7. Clarification of the amount(s) that I will need to pay pending the resolution of this billing error dispute and when such amounts will need to be paid.

8. Any other documents you allege, suggest or will rely upon to prove in a court of law or other dispute resolution forum, that I am indebted to you in the amount alleged.

I expect a prompt written response to this billing error dispute and request for documentary evidence made under the FCBA. I wish to make it clear that the forwarding of nothing but copies of previous statements or form letters will not suffice to fulfill this clear request for both specific and general documentation. I sincerely hope that we can come to a quick and mutually beneficial agreement as to how to settle this bona fide dispute. However, should you ignore this matter, I will pursue relief through any and all means legally available to me. Thank you in advance for your anticipated cooperation.

Sincerely,

*[signature]*

Gary A Hamann

P.S. Feel free to call me at home 504-885-2295 if you have any questions on this account.



